429 A.2d 728

**WASHINGTON TOWNSHIP MUNICIPAL AUTHORITY, Appellant,**

v.

**AMERICAN ARBITRATION ASSOCIATION and Conewago Contractors, Inc.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1980.

Filed May 15, 1981.

Jan G. Sulcove, Chambersburg, for appellant.

Arthur R. Mehr, Philadelphia, for American Arbitration, appellee.

Kenneth I. Levin, Philadelphia, for Conewago, appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Franklin County, Civil Action, Equity, and involves the appellant Washington Township Municipal Authority's appeal from an order which directed the appellant to proceed with arbitration before the American Arbitration Association (AAA). The appellant had commenced a suit in equity on October 20, 1979 seeking to enjoin the American Arbitration Association from requiring appellant to proceed to arbitration on a claim initiated by Conewago Contractors, Inc. Conewago filed an Answer and New Matter to the Complaint on May 21, 1979 and also presented a petition seeking to compel appellant to proceed with arbitration and requesting a stay in the equity action. After a hearing and the filing of briefs the court below granted Conewago's petition, stayed the appellant's equity action and ordered appellant to proceed with arbitration before the American Arbitration Association. From that order the appellant took the instant appeal.

On December 15, 1976 the appellant and Conewago entered into a written agreement by which Conewago agreed to install certain sanitary sewers, a pump station and certain force mains for the sum of $2,163,749.60. This contract was entered into after the project had been bid pursuant to the law of the Commonwealth. During the course of construction various disputes arose between appellant and Conewago and appellant's engineer. On October 10, 1977 Conewago filed a demand for arbitration of the disputes with the American Arbitration Association. The appellant refused to proceed with said arbitration and initiated its action in equity. The appellant's position is that the December 15, 1976 contract between it and Conewago provided for the settlement of disputes by an arbitration panel appointed by the Court of Common Pleas of the 39th Judicial District, Franklin County Branch and not by arbitration before the American Arbitration Association.

When the appellant advertised for bids the original document contained the following language pertaining to the settlement of disputes under "General Conditions":

"ARTICLE 16

ARBITRATION

"16.1. All claims, disputes and other matters in question arising out of, or relating to, this agreement or the breach thereof except for claims which have been waived by the making or acceptance of final payment as provided by paragraph 14.16, shall be decided by arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association then obtaining. This agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.

"16.2. Notice of the demand for arbitration shall be filed in writing with the other party to the agreement and with the American Arbitration Association, and a copy shall be

filed with the engineer. The demand for arbitration shall be made within the 30-day period specified in paragraph 9.10 where applicable, and in all other cases within a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall it be made after institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations."

On June 25, 1976, the appellant issued "Bulletin No. 4" to all the prospective bidders. The bulletin was a 40 page document and contained revisions to specifications and to "General Conditions." The bulletin contained the following language pertaining to arbitration:

"16. *Page IIIA–35—General Conditions*

In paragraph 16.1, DELETE the last six lines of the paragraph and ADD 'in accordance with the laws of the Commonwealth of Pennsylvania.' "

The court below found that Section 16.1 was effectively amended to read as follows:

"16.1. All claims, disputes and other matters in question arising out of, or relating to, this agreement or the breach thereof except for claims which have been waived by the making or acceptance of final payment as provided by paragraph 14.16, shall be decided by arbitration in accordance with the laws of the Commonwealth of Pennsylvania."

The bids were opened on July 15, 1976.

All parties agree that the contract mandates that all claims and disputes be settled by arbitration. However, the appellant claims that the amendment to Section 16.1 compels the submission of all claims and disputes to arbitration pursuant to the Act of 1927, April 25, P.L. 381, et seq., 5 P.S. § 161, et seq. and that since no provision is made in Section 16.1 for the appointment of arbitrators from any particular group that the Court should choose the arbitrators. Conewago claims that although Section 16.1, as amended, does not designate anyone as the source of the particular arbitrators to hear the dispute, Section 16.2 does name the Ameri-

can Arbitration Association as such source. Thus, the sole issue involves the interpretation of the contract. Specifically the issue is whether the amendment to Section 16.1 rendered Section 16.2 null and void. If it did, then the appellant is correct in its assertion that the contract makes no provision compelling the submission of the disputes to the American Arbitration Association. In that event the court would designate the arbitrators because where an agreement provides for the submission of disputes to arbitration but sets forth no method therein for choosing the arbitrators then the court designates and appoints the arbitrators. *5 P.S. § 164.* However, where the contract between the parties mandates arbitration as the method for the settlement of disputes and sets forth the method for selecting the arbitrators then "such method shall be followed". *5 P.S. § 164.*

In interpreting a contract it is the intention of the parties thereto which is the guiding principle. *Percy A. Brown & Co. v. Raub,* 357 Pa. 271, 54 A.2d 35 (1947). In ascertaining the parties' intent the courts must take into consideration each and every part of the contract and give effect to each part of the contract if possible. *Robert F. Felte, Inc. v. White,* 451 Pa. 137, 302 A.2d 347 (1973). In the event of an ambiguity in contract language so that alternative constructions of a contract's provisions are possible, the contract should be construed against the drafter of the language employed in the contract. *Penn. Dept. of Trans. v. DePaul,* 29 Cmwlth.Ct. 447, 371 A.2d 261 (1977). The problem with appellant's position is that *it* was the party which issued the bulletin amending Section 16.1 but, in so doing, failed to indicate that Section 16.2 was being deleted. The appellant argues, however, that Section 16.2 was deleted by implication because unless that interpretation is given to its amending of Section 16.1 then the amendment to Section 16.1 makes no sense and the courts should not interpret a contract so as to lead to an absurd result.

The difficulty with this argument is that a reading of Amended Section 16.1 and Section 16.2 reveals that they can

be read consistently and with no inherent contradictions. Conewago argues that the appellant, in amending Section 16.1, may have been attempting to eliminate a redundancy in the contract language. While an argument can be made that the amendment intended more than that we hold that because the appellant was the one who made the amendment and did not expressly delete Section 16.2 that 16.2 remains part of the contract.

For that reason we hold that the court below was correct in its ruling and that the appellant must submit its disputes with Conewago to the American Arbitration Association.

Order affirmed.